```
                    UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____

SHENEICE MOORE                    :

      v.                          :         No.

HERTZ LOCAL EDITION CORP.         :         JURY TRIAL DEMANDED
THE HERTZ CORPORATION
_____
```

## CIVIL ACTION COMPLAINT

COMES NOW, Plaintiff, by counsel, and complains of defendant as follows:

## JURISDICTION

1.   This Court has jurisdiction over this matter pursuant to the Americans With Disabilities Act of 1990, 42 U.S.C. Section 12111 et seq. (hereinafter "ADA").  This Court has further jurisdiction over this matter pursuant to 42 USC Section 1981 et seq. of the Civil Rights Act of 1866 and Title VII of the Civil Rights Act of 1964 amended, 42 U.S.C. Section 2000e, et seq.  This Complaint has been filed within 90 days after issuance of a Notice of Right to Sue by the EEC.

## PARTIES

2.   Plaintiff, Sheneice Moore (African American female), resides at 204 Somerset Circle, Chalfont, PA 18914.

3.   Defendant, Hertz Local Edition Corp., a subsidiary of The

Hertz Corporation, is a corporation with a place of business located at 532 N. Easton Road, Glenside PA 18914.

4. Defendant employs hundreds of people.

5. On or about November 18, 2013, plaintiff started to work for the defendant as a management trainee at the King of Prussia location and was transferred to the Glenside branch and promoted to Assistant Branch Manager.

6. During the course of her employment with defendant, plaintiff's supervisors included former, Area Manager Chris Zitkevitz (Caucasian male), Glenside Branch Manager Bobby Hernandez (Hispanic male).

7. In 2015, Defendant started training Plaintiff for the position of Branch Manager due to her excellent performance.

8. Plaintiff returned from vacation at the end of July 2016 and learned from her coworker and Bobby Hernandez (Hispanic male) who was the current Branch Manager that Mr. Hernandez was transferring to Castor and Aramingo branch. Plaintiff was excited as she thought that she would be the new branch manager at her assigned location, as people who have started a whole year or more after Plaintiff automatically got branch manager position when a position became available and their superiors were no longer branch managers.

9. After a week, Diana Spear (Caucasian female) showed up at the office and informed Plaintiff that Bobby Hernandez said that

Plaintiff wanted to stay as ABM (Assistant Branch Manager) and did not want to be a branch manager. This came as a shock to Plaintiff because she had continued to work the back office paperwork based on what Chris Zitkevitz had said that Plaintiff needed to know how to be an effective branch manager the year prior.

10. Diana Spear proceeded to inform Plaintiff that the new manager "was a strong black athletic handsome guy, who is ripped and loves to work out, nice dark man with a good statute, with a low haircut."

11. Plaintiff was told that Reese Williams (black male) was there to groom Plaintiff to be a branch manager (even though she was told that she was ready and well qualified by Chris Zitkevitz a whole year prior) and that she was "her next branch manager up for promotion".

12. Defendant hired a new branch manager at the City Line Avenue branch at the beginning of September 2016 after Diana Spear told Plaintiff that she was overlooked for the manager position from outside the company, and after Plaintiff had expressed interest a year prior to Area manager Chris ZitkevItz.

13. Plaintiff was disappointed that Defendant had hired new branch managers at the Glenside and City Line Avenue branch, with people with less performance and less experience.

14. Plaintiff sent an email (her complaints) to Chris ZitkevItz and Diana Spear expressing her disappointment regarding the branch manager positions at both locations but was given nothing but excuses with no merit for both positions.

15. In September, 2016, Kristen Hook (Caucasian female), the HR manager, came to the Glenside location. Plaintiff made her complaints known regarding the racial comments, jokes, sexual comment, and racial culture that she endured while working with Bobby Hernandez. Plaintiff showed Ms. Hook some of the text messages and references and informed her that Bobby Hernandez had not recommended her for branch manager. Plaintiff informed Ms. Hook that Bobby Hernandez did not want her to be branch manager making the same amount of money or more than him, as he continuously downgraded black people and especially black women in the office, even referring to Stacey Johnson (black woman and previous manager) in a negative light. Former coworkers witnessed Bobby Hernandez's actions, words and attitudes towards African Americans especially women. Plaintiff also informed Ms. Hook that Diana Spear told her that she hired from outside the company Reese Williams, "a strong, handsome, athletic, strapping black guy with a low cut" and that she told same story to two other coworkers.

16. Reese Williams that was hired in Plaintiff's place did not have any experience, did not know how to log on to the computer

or even know how to do a contract, and Plaintiff was in fact grooming Reese Williams.

17. Plaintiff made a request for a reasonable accommodation as she had a medical condition (hip replacement) and she could not stand for long periods of time behind the sales counter.

18. In retaliation for Plaintiff's request for reasonable accommodation, Plaintiff was made to sit in her personal car and handed the work phone to answer calls and work from inside the car parked outside the branch office.

19. On January 17, 2017, Plaintiff was told by Reese Williams to get a doctor's note to describe her condition, while working from her personal car.

20. Plaintiff made an appointment with her surgeon Dr. Nelson for February 3, 2017.

21. Diana Spear came by Glenside and asked if Plaintiff wanted to transfer to another area, trying to mislead Plaintiff to believe that the transfer was to another area as branch manager but as the conversation progressed, she said " well you would transfer as an ABM and work by yourself to build up to eventually becoming branch manager". Plaintiff immediately declined the offer once it became clear that she wanted her to transfer to another office and remain in the same position.

22. In retaliation to Plaintiff's requests for accommodation, Diana Spears rescinded what she discussed the HR manager in

September of 2016 and stated that "I would do better in another area, and realistically there's not going to be any openings for branch manager in my area anytime soon".

23. The manager trainee Eli Thomas (Caucasian male) who transferred to Glenside at the beginning of November was kept informed about branch information, manager's days off and Plaintiff kept out of the loop. The branch manager, William Reese even instructed the other manager trainee who started at another branch in August 2016 that he was in charge of the branch when he was not present despite Plaintiff being an ABM, the next step down from a manager and had spent three years at that branch.

24. Plaintiff Sheneice Moore was unlawfully terminated from her employment on February 17, 2017 because of her request for accommodation and also for her complaint of discrimination because she is a black female.

25. The reason given for Plaintiff's termination was for violation of company policy, which was mere pretext for the true reason defendants terminated her employment.

26. Defendant and its agents discriminated against Plaintiff because she was a black female.

27. Defendant and its agents discriminated against Plaintiff and retaliated against her because she has a serious medical condition protected by the American with Disabilities Act.

28. Defendants and their agents discriminated against Plaintiff because they felt that her serious medical condition prevented her from doing a wide range of jobs.

29. Defendant and its agents acted at all times material hereto with their authority to hire, fire and discipline.

30. Defendant's actions violated Title VII because Plaintiff was discriminated against based on her race and sex as a black female.

31. Defendant's actions violated the American with Disabilities Act because she has a serious medical condition protected by the American with Disabilities Act and they terminated her in retaliation for requesting an accommodation.

32. Defendant's actions violated the ADA because plaintiff was perceived as being disabled pursuant to the ADA.

33. Defendant is responsible for the actions of its agents.

34. Plaintiff sustained damages as a result of the unlawful conduct of defendant.

35. Plaintiff seeks lost pay, benefits, compensatory damages for pain and suffering, punitive damages, attorneys' fees and costs.

## COUNT 1- ADA

36. Plaintiff repeats paragraphs 1-35 as if more fully set forth herein.

37. By and through its conduct, Defendant violated the ADA by intentionally discriminating against plaintiff terminating her employment because she was regarded as disabled.

## COUNT 2 – DISCRIMINATION

38. Plaintiff repeats paragraphs 1-37 as if more fully set forth herein.

39. By and through its conduct, Defendant violated 42 USC Section 1981 et seq. of the Civil Rights Act of 1866 as amended by intentionally discriminating against plaintiff by retaliating against and/or terminating her employment because race and color who complained about the disparate and discriminatory treatment.

## COUNT 3 – RETALIATION

40. Plaintiff repeats paragraphs 1-39 as if more fully set forth herein.

41. By and through its conduct, Defendant violated 42 USC Section 1981 et seq. of the Civil Rights Act of 1866 as amended by intentionally discriminating against plaintiff by retaliating against and/or terminating her employment

because of race and color who complained about the disparate and discriminatory treatment.

### COUNT 4 – RACIAL DISCRIMINATION

42.  Plaintiff repeats paragraphs 1-41 as if more fully set forth herein.

43.  By and through its conduct, Defendant violated Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000e, et seq., by intentionally discriminating against plaintiff based on her race and sex as a black female.

### COUNT 5 -- RETALIATION

44.  Plaintiff repeats paragraphs 1-43 as if more fully set forth herein.

45.  By and through its conduct, Defendant violated Title VII of the Civil Rights Act of 1964 amended, 42 U.S.C. Section 2000e, et seq., by intentionally discriminating against plaintiff by retaliating against and/or terminating her employment because she is a black female who complained about the disparate and discriminatory treatment.

WHEREFORE, Plaintiff demands judgment on Counts 1, 2, 3, 4and 5 against defendant and seeks damages in an amount to be determined by a jury for lost pay and benefits, pain and

suffering, emotional distress, mental anguish, harm to her reputation, punitive damages, costs, reasonable attorney's fees, the amount of taxes due on any award, and such other relief as the Court deems just and fair.

Date: June 21, 2018

/s Richard B. Bateman, Jr.
_____
Richard B. Bateman, Jr., Esq.
Signature Code: RBB6330
21 West Second Street
Ste. 300
Media, PA 19063
610-566-3322
Fax: 610-548-9986
Email: batemanlaw@aol.com
Attorney for Plaintiff